

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,212-01

### IN RE STATE OF TEXAS EX REL. BRIAN RISINGER, Relator

### ON APPLICATION FOR WRIT OF MANDAMUS IN CAUSE NOS. 10,423, 10,425, AND 10,427 IN THE 278TH JUDICIAL DISTRICT COURT MADISON COUNTY

**ALCALA, J., filed a dissenting statement.**

### DISSENTING STATEMENT

I respectfully dissent from this Court's judgment granting mandamus relief to the State and voiding the trial court's order withdrawing the execution date for Raphael Deon Holiday. Although the Court apparently concludes that the State has no adequate remedy at law and that the act it seeks to compel is a ministerial act, thereby entitling it to mandamus relief, I disagree.[1] The authority upon which the convicting court relied in withdrawing Holiday's

---

[1] *See In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) ("Mandamus relief is appropriate only when a relator establishes (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to compel is a ministerial act, not a discretionary or judicial decision.").

execution date is Code of Criminal Procedure Article 43.141, which states that the convicting court "may modify or withdraw the order of the court setting a date for execution in a death penalty case if the court determines that additional proceedings are necessary on: (1) a subsequent or untimely application for a writ of habeas corpus filed under Article 11.071[.]" TEX. CODE CRIM. PROC. art. 43.141(d)(1). The convicting court withdrew Holiday's execution date in response to a motion filed by Holiday, in which he asserted that "additional proceedings are necessary on a subsequent application for a writ of habeas corpus and to afford [him] an opportunity to have meaningful access to clemency proceedings." Although the Court grants the State relief on the basis that it has a clear right to relief in this situation, it is not at all obvious to me that the plain language in Article 43.141 so clearly prohibits the judge of the convicting court from withdrawing an execution date in order to permit a death-sentenced individual to pursue additional post-conviction proceedings. *See In re Allen*, 462 S.W.3d 47, 50 (Tex. Crim. App. 2015) ("A clear right to relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'"). Moreover, the Court does not even consider whether the State has demonstrated that it lacks any adequate remedy at law in this situation, which is an additional prerequisite to the granting of mandamus relief. *See id.* Because I conclude that the State has not made the necessary showing that it is entitled to the extraordinary remedy it seeks, I respectfully dissent.

Filed: November 18, 2015

Do Not Publish